[Doc. No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE SUBPOENA PROCEEDINGS:

| | |
|---|---|
| PLEASANT GARDENS REALTY CORP., et al., | |
| Plaintiff, | Civil No. 08-5582(JHR/JS) |
| v. | |
| H. KOHNSTAMM & COMPANY, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Sensient Colors, Inc.'s "Renewed Motion for Order to Show Cause Why Defendant Should Not Proceed with Subpoenaed Depositions." [Doc. No. 11].[1]  The Court received the opposition of the United States [Doc. No. 14], Sensient's reply [Doc. No. 17], and additional briefs addressing standing issues [Doc. Nos. 11-2, 14].  The Court also conducted oral argument.  For the reasons to be discussed Sensient's motion is GRANTED in part and DENIED in part.

Background

This case originated as a civil action in the Superior Court of New Jersey, Law Division, Camden County, titled Pleasant Garden

---

[1] Sensient's application is the equivalent of a motion to compel depositions.

Realty Corporation v. H. Kohnstamm & Company, Inc., et al., Docket No. L-6579-03 (N.J. Super. Ct. Law Div.)(Camden County). Plaintiff is the former owner of the Pleasant Gardens Apartments ("Pleasant Gardens" or "Site") which is presently owned by the Gardens Redevelopment Agency who acquired the Site through eminent domain. Plaintiff alleges that Sensient and General Color Company are legally responsible for the cost to remediate contamination at the Site. The United States is not a party in the case.

While the case was pending in state court Sensient issued subpoenas to take the depositions of five (5) current or former EPA employees: (1) Christine Whitman - former EPA Commissioner, (2) Jane Kenny - former Regional Administrator for Region 2, (3) Anthony Cancro - former Chief of Staff for Region 2, (4) Richard C. Salkie - former Branch Chief of the EPA's Renewal Assessment and Enforcement Section, and (5) David Rosoff - current EPA On-Scene Coordinator.[2] On October 27, 2008, the United States filed a Motion for Protective Order to quash Sensient's subpoenas. On November 5, 2008, Sensient filed its "Motion for Order to Show Cause Why Defendant Should Not Proceed with Subpoenaed Depositions." Before these motions were decided the government

---

[2] Only the subpoenas directed to former EPA employees Kenny, Cancro and Salkie remain at issue. Sensient has agreed not to pursue Whitman's deposition subject to its right to file a new application for her testimony if warranted by newly acquired information. As to Rosoff, Sensient has not appealed the EPA's October 23, 2008 determination that his testimony was "not clearly in EPA's interests."

removed to this court the subpoena proceedings that were filed in state court.  Nevertheless, the remainder of the Pleasant Gardens litigation is still pending in state court.

As the parties are aware, the issues in the Pleasant Gardens litigation overlap with, but are not identical to, the issues in a separate case pending in this court--<u>United States of America v. Sensient Colors, Inc., et al.</u>,C.A. No. 07-1275 (JHR/JS). In March 2007, the United States filed a cost recovery action against Sensient pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§9601-9675 (2000).  The United States alleges Sensient is responsible for contaminating the General Color Site, and seeks approximately $16 million in costs resulting from its removal activities.  The General Color Site is adjacent to the Pleasant Gardens Site. Sensient challenges the EPA's characterization of the General Color project as a "removal action."  Sensient contends the government performed a community development project under the guise of a "removal action" and consequently it is not responsible to reimburse the government's costs.

Sensient seeks to compel the depositions of Kenny, Cancro and Salkie.  In its motion Sensient challenges the government's standing to object to the subpoenas directed to its former employees.  Sensient argues the government is not a "party or any person from whom discovery is sought" and therefore the United

3

States has no standing to move for a protective order pursuant to Fed. R. Civ. P. 26(c).  Sensient also argues the government does not represent Kenny, Cancro and Salkie.  In response the government avers that the Department of Justice ("DOJ") "represents the United States, including its current and former employees in their official capacity and relating to the scope of their employment at EPA."  Standing Brief at 5, Doc. No. 14 (emphasis in original).  The government also argues it has standing to object to "testimony regarding information that current and former EPA employees acquired in the course of performing official duties or because of their affiliation with EPA or concerning the CERCLA response actions conducted by EPA at the General Color Site."  Id. at 4 (citation omitted).  In addition, the government argues the requested depositions should be barred on different grounds, including on the basis of the doctrine of sovereign immunity.

Discussion

   Standing

   The first issue to address is whether the United States has standing to challenge the subpoenas directed to its former employees. The Court rules in favor of the United States on the standing issue.

   The United States has standing to challenge Sensient's deposition subpoenas directed to its former employees because Sensient is seeking to discover "official information" that belongs

4

to the United States, some of which may be privileged or otherwise protected from discovery. Accordingly, because the United States is seeking to protect its property right or privilege, it has standing to object to Sensient's subpoenas even though they are directed to third persons. See In re Grand Jury ("Grand Jury I"), 619 F.2d 1022, 1026 (3d Cir. 1980)(finding third party employer had a property interest in the services of his employees and thus had standing to object to subpoenas directed to the employees); In re Grand Jury Matter ("Grand Jury II"), 770 F.2d 36, 38 (3d Cir. 1985)("[a]s our prior decisions indicate, an individual or entity claiming a property right or privilege in the subpoenaed documents has standing to contest the denial of a motion to quash the subpoena").³ See also United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982)("[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests"). Also supporting the Court's ruling are

---

³In this context the Grand Jury line of cases are not distinguishable on the ground that they address documents rather than deposition testimony. The key fact is that the government is seeking to protect its property right or privilege. It makes no difference if the property right or privilege is embodied in a document or deposition testimony. Further, it is also noteworthy that the Third Circuit has broadened the standing of a person to object to a third-party subpoena beyond a situation where a property right or privilege is at issue. Standing exists where the movant is seeking to protect other valued rights or where the subpoena infringes upon the movant's legitimate interests. See In re Grand Jury, 111 F.3d 1066, 1074 (3d Cir. 1997)(third-party seeking to protect its privacy interests has standing to move to quash a third-party subpoena). See also Grand Jury I, 619 F.2d at 1027.

5

cases holding that a non-party employer has standing to move to quash subpoenas directed to its non-party former employees where, like this case, the employer is seeking to protect its privileged information.  See Sparks v. Seltzer, C.A. No. 05-1061, 2006 WL 2358157, at *4 (E.D.N.Y. Aug. 14, 2006)(finding non-party employer had standing to object to subpoena directed to former employee that sought information gained through her employment and was subject to a confidentiality agreement); Nagy v. Baltimore Life Insurance Company, 49 F. Supp. 822, 824-26 (D.Md. 1999)(granting motion to quash brought by non-party employer (Maryland Insurance Commissioner), finding that the employer held a privilege claim over information sought in subpoenas directed to current and former employees).[4]

To the extent Sensient seeks to depose the EPA's former employees concerning their official duties and knowledge, the government has standing to protect its property right or privilege. This is so because the "official" knowledge of the witnesses

---

[4] The court in Nagy stated that pursuant to Fed. R. Civ. P. 45(c)(3)(iii)(now Rule 45(c)(3)(A)(iii)), a person may move to quash a subpoena seeking the disclosure of "privileged or other protected matter." Id. at 825.  The court granted the non-party employer's motion even though subpoenas were directed to the employer's non-party former employees because the subpoenas sought privileged information.  The same situation exists here. A motion to quash under Rule 45 is judged under a standard similar to a motion for protective order under Rule 26(c). Leibholz v. Hariri, C.A. No. 05-5148 (DRD), 2008 WL 2697336, at *2 (D.N.J. June 30 2008)(citing 9 James W. Moore, et al., Moore's Federal Practice §45.50[2] (3d ed. 2008).

6

belongs to the government, not the deponents. "Observations a federal employee makes to carry out his [or her] job responsibilities are unquestionably government information." In re Subpoena in Collins, 524 F.3d 249, 252 (D.C. Cir. 2008). As noted in Collins, "observations an EPA employee made for an official investigation he conducted were 'obtained in his official capacity,' and a subpoena directing him to testify about those observations was 'inherently that of an action against the United States.'" Id. (citations omitted). See also Boron Oil Company v. Downie, 873 F.2d 67, 70-71 (4th Cir. 1989)("[e]ven though the government is not a party to the underlying action, the nature of the subpoena proceedings against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States....")

Due to the Court's familiarity with the case and the allegations in Sensient's briefs it is not difficult to predict some of the subject areas Sensient is likely to pursue at its depositions. Sensient argues that the alleged "fraud identified in connection with the General Color Site erodes the putative legitimacy of the NJDEP's remedy for the Pleasant Gardens Site." Brief at 4. Sensient further argues that it must understand "the scope and impact of fraud in the Federal Case." Id. at 6. Specifically, Sensient argues Kenny invited Camden to create a risk to the public health and environment in order to conduct a

7

community redevelopment. Id. at 6-7. Sensient, therefore, undoubtedly intends to explore with the EPA's former employees the who, what, why, where, when, etc. of EPA's decision making process regarding the General Color Site.

Given Sensient's expected questioning the Court finds it inevitable that Sensient will touch on subject areas that the United States claims are privileged or are otherwise protected from discovery. In addition to the discovery protections afforded by the attorney client privilege and work product doctrine, Sensient is likely to seek deposition testimony concerning topics the United States will claim is barred in whole or in part by the deliberative process privilege. This privilege "protects agency documents [and information] that are both predecisional and deliberative." Abdelfattah v. U.S. Dep't Of Homeland Sec., 488 F.3d 178, 183 (3d Cir. 2007)(citations omitted). The privilege permits the government to withhold documents and information concerning "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice." Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 853 (3d Cir. 1995). This is precisely the information Sensient seeks.[5]

---

[5]The Court is not addressing whether a privilege actually apples. The Court merely concludes it is likely that Sensient will pursue deposition testimony that the government will claim is privileged. Given this pursuit the government has standing to object to Sensient's subpoenas in order to protect its privileged information from discovery.

The Court notes that Sensient had made it clear that it does not intend to limit its depositions to just information that belongs to the United States.[6]  For example, Sensient intends to question Kenny concerning her job duties while she worked in New Jersey and her pre-EPA experience with redevelopment efforts in Camden.  In fact, Sensient acknowledges it is "seeking information from two of the subpoenaed individuals (Anthony Cancro and Jane Kenny) that goes beyond their affiliation with the EPA").  Standing Brief at 8, Doc. No. 11-2.  Because this information is personal to Kenny and Cancro and was not gained by them in their official capacity as EPA employees, the United States cannot assert control over this personal information and has no standing to object to this line of questioning.  See In re Subpoena in Collins, 524 F.3d at 252 ("But no job is all work....  The government cannot credibly assert control over [personal] ... observations and opinions unless they would reveal information in government records or about the workings of government)."  In fact, the government acknowledges that it is not objecting to this "individual" information but it is only objecting to information former or present EPA officials acquire in the course of performing official duties or because of

---

[6]"Sensient is seeking information from two of the subpoenaed individuals (Anthony Cancro and Jane Kenny) that goes beyond their affiliation with the EPA."  Standing Brief at 8, Doc. No. 11-2.

9

their affiliation with EPA.  Brief at 4, Doc. No. 14.[7]

The decision in <u>Bancorp v. Federal Deposit Insurance Corporation</u>, C.A. No. 99-3799 (JLL), 1999 WL 1332312 (D.N.J. Nov. 10, 1999), is on point.  In <u>Bancorp</u>, the plaintiff served a former employee (White) of the Office of the Controller of Currency ("OCC") with a deposition subpoena.  The OCC moved to quash the subpoena which was granted.  In rejecting Bancorp's argument that the OCC did not have standing to challenge the subpoena, the court stated:

> Bancorp's argument that OCC lacks standing to challenge the White subpoena is without merit.  As its <u>Touhy</u> regulations reflect, OCC considers non-public information gained by OCC employees in the course of their employment to be OCC property.  As such, it is OCC that stands to be harmed by the unauthorized release of such information.  That potential harm gives OCC a sufficient stake in the controversy regardless of the fact that it is not a party.

<u>Id</u>. at *4.  Similar to <u>Bancorp</u>, the government has standing to object to Sensient's subpoenas to the extent the deponents address "official" information they acquired in the course of performing their duties with the EPA.[8]

---

[7]The Court is not addressing the propriety of this line of questioning.  The Court is only addressing the government's standing to object to Sensient's subpoena directed to its former employees.

[8]The fact that the OCC's <u>Touhy</u> regulations specifically referred to present or former OCC employees (12 C.F.R. §4.31 <u>et seq</u>.) was not determinative in the <u>Bancorp</u> decision.  The key to the decision was that Bancorp sought to depose a former OCC employee about his "official" knowledge.  This is the same issue

The crux of Sensient's position that the United States does not have standing to challenge its subpoenas is its argument that the United States is not a party or person "from whom discovery is sought" pursuant to Fed. R. Civ. P 26(c).⁹  The Court disagrees. Sensient fails to consider that the "official" information it seeks belongs to the government, not the EPA's former employees.  The "official" information Sensient seeks is discovery sought from the United States within the meaning of Rule 26(c).  The fact that a non-party has standing to challenge a subpoena directed to someone else in a situation where the non-party seeks to protect its property right or privilege, is not surprising or novel.  In addition to the cases already cited, see Essex Insurance Co. V. RMJC, Inc., C.A. No. 01-4049, 2008 WL 2757862 at *1 n.1 (E.D.Pa. July 16, 20098)(non-party movants had standing to bring a motion to quash a subpoena served on their non-party accountant) and Estate of Ungar v. Palestinian Authority, 400 F. Supp. 2d 541 (S.D.N.Y. 2005), aff'd 2009 WL 1298530 (2d Cir. May 12, 2009)(non-party had standing to object to subpoenas directed to his attorney).

---

before this Court.  Although the EPA's Touhy regulations do not specifically refer to former employees (see 40 C.F.R. §2.401), the "official" knowledge of former employees still belongs to the United States.  The ownership of the EPA's "official" information is not dependent on whether the information is possessed by a present or former employee.

⁹New Jersey Rule 4:10-3 addressing protective orders contains similar language.  In addition, N.J. R. 4:14-7, which addresses subpoenas for taking depositions, states that it is subject to the provisions of N.J.R. 4:10-3.

11

To support its argument Sensient relies on <u>SEC v. Dowdell</u>, 144 Fed. Appx. 716 (10th Cir. 2005) and <u>Tarnoski v. Old Republic Insurance Co.</u>, C.A. No. 06-12397, 2008 WL 4378256 (E.D. Mich. Sept. 23, 2008). These cases are not persuasive. In <u>Dowdell</u>, plaintiff subpoenaed a bank for records of a non-party attorney's trust account. The attorney moved for a protective order under Rule 26, which the court denied finding that the attorney did not have standing because (1) he was not the party subpoenaed, (2) he was not a party to the underlying litigation, and (3) he had not moved to intervene in the litigation. 144 Fed. Appx. at 723. However, the court did not squarely address the argument that the attorney had standing because he was seeking to protect a right or privilege. In addition, <u>Dowdell</u> supports the government's argument because the court recognized the attorney had standing to object to the subpoena pursuant to Fed. R. Civ. P. 45, and specifically addressed the merits of the attorney's Rule 45 argument. <u>Id</u>. at 723. Furthermore, in contrast to <u>Dowdell</u>, other courts have held that non-parties have standing to move to quash subpoenas served on their banks. <u>See, e.g.</u>, <u>Catskill Development, LLC v. Park Place Entertainment</u>, 206 F.R.D. 78,93 (S.D.N.Y 2002) (finding non-party had standing to object to subpoena on its bank for its financial records); <u>Solow v. Conesco Inc.</u>, C. A. No. 06-5988, 2008 WL 190340, at *4 (S.D.N.Y Jan. 18, 2008) (finding non-party had standing to object to subpoenas directed to his bank seeking

12

proprietary financial information); Terwillegar v. Offshore Energy Services Inc., C.A. No. 07-1376, 2008 WL 227789, at *3 (E.D. La. May 29, 2008)(finding non-party had standing to challenge subpoena directed to her bank because she had a personal right regarding her financial information that was in the possession of the bank).

The Tarnoski case is also not persuasive. In that case the defendant was compelled by the court to produce certain documents, including billing records from its expert. The expert filed a motion for protective order which was denied. The case is distinguishable because it did not involve a subpoena. Instead, the expert challenged a court order compelling the defendant to produce the expert's billing records. In addition, unlike here, the expert was not seeking to protect its right or privilege. The billing records at issue belonged to the defendant, not the expert.

Sensient's "public policy" argument is rejected. Sensient argues that to "allow a person without a legally cognizable stake in the litigation or the requested discovery" to delay depositions through motions would unreasonably burden litigants. Standing Brief at 8. To the contrary, public policy considerations favor the United States. The government should be permitted to assure that Sensient does not get through the back door what it cannot get through the front door. Unless the United States is permitted to assert appropriate objections to the subpoenas directed to its former employees, Sensient may discover privileged or protected

13

information it is not entitled to obtain. The public has an interest in assuring that protected government information is not discoverable.[10]

Sovereign Immunity

Having decided that the United States has standing to object to Sensient's subpoenas, the Court will next address the issue of whether the subpoenas may be enforced. As will be discussed, the Court finds that the doctrine of sovereign immunity bars enforcement of Sensient's subpoenas in this proceeding to the extent Sensient seeks to discover "official" information. However, to the extent Sensient is seeking "individual" knowledge its subpoenas are enforceable.[11]

Because this action was removed from state court pursuant to 28 U.S.C. §1442, the jurisdiction of this court is derivative of that of the state court. Boron Oil Company, 873 F.2d at 70; Kasi v. Angelone, 300 F. 3d 487, 504 n.6 (4th Cir. 2002). "The doctrine of

---

[10] The government has standing to object to Sensient's subpoenas pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii). This Rule requires that a subpoena must be quashed or modified if it requires disclosure of privileged or other protected matter. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil §2463.1 at 488-92 (3d ed. 2008) This Rule could be easily skirted if the owner of the privilege or discovery protection was barred from moving to protect its interests in the event a subpoena is directed to a third-party.

[11] For purpose of the present discussion the Court is assuming that Kenny, Cancro and Salkie were properly served. No specific objection has been raised to the service of Sensient's subpoenas.

derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal." Palmer v. City Nat'l Bank of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007).[12]  The doctrine "arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." Id. at 244.  In the context of this matter, therefore, the Court must determine if the state court had jurisdiction to enforce Sensient's subpoenas.  This is essential because "[i]f the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Id. (citing Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382 (1922)).

Although Sensient is seeking to compel the depositions of former EPA employees, the Court has found that Sensient is seeking official information from the United States.  For the purpose of the sovereign immunity analysis this is the equivalent of an action against the United States.  See Boron Oil Company, 873 F.2d at 71

---

[12]As discussed in Palmer, derivative jurisdiction has been frequently criticized and Congress has eliminated the doctrine for cases removed under the general removal statute, 28 U.S.C. §1441. Id.  However, this abrogation does not apply to cases removed under other provisions. Id.  This case was removed pursuant to 28 U.S.C. §1442. See Notice of Removal, Doc. No. 1.  Accordingly, the application of derivative jurisdiction is appropriate.

15

("[t]he subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign. We have previously instructed that suits against federal employees may be barred by the doctrine of sovereign immunity where the effect of the suit falls upon the government.") See also 50 Fed. Reg. 32 386 ("[s]ubpoenas to testify concerning information which employees have acquired in the course of performing official duties ... are essentially legal actions against the United States as to which there has been no Congressional waiver of sovereign immunity"). This being the case, the doctrine of sovereign immunity bars the court from enforcing Sensient's subpoenas to the extent they seek "official" information. "[W]here a subpoena is issued to a non-party federal government agency in conjunction with litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity, and the federal courts have consistently held that they lack jurisdiction to enforce the subpoena in cases where the government has removed the subpoena proceedings to federal court." Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 61 n.6 (1st Cir. 2007)(citations omitted). The Court has not found, nor has Sensient cited a case, where a state court, or a federal court exercising removal jurisdiction, compelled a present or former federal employee to testify concerning official information. In contrast, numerous

16

cases are in accord with Commonwealth of Puerto Rico, and bar the claim of a movant, such as Sensient, based on the doctrine of sovereign immunity. Boron Oil Company, 873 F.2d at 70; In re Subpoena in Collins, 524 F.3d at 251 ("A state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity.... When a subpoena nominally directed at an agency employee seeks such information, courts nonetheless regard the subpoena as directed at the agency"); Kasi, 300 F.3d at 503 ("under the governmental privilege of sovereign immunity, the state court lacked jurisdiction to enforce the subpoenas").[13] These authorities bar the court from enforcing Sensient's subpoenas. Where a federal court is exercising removal jurisdiction it is barred from compelling the EPA's former employees from testifying about "official information" in a state court proceeding.

To be sure, the Court is not ruling that EPA's former employees may never be deposed in a case where the EPA is a non-party. Federal courts exercising original jurisdiction may compel federal

---

[13]The Court declines to rule that the EPA waived its sovereign immunity because it did not specifically reference former employees in its Touhy regulations. A waiver of sovereign immunity must be explicitly stated which was not done here. See United States v. Sensient Colors, Inc., __ F.Supp. __, 2009 WL 2222798, at *17 (D.N.J. July 22, 2009)(citing Gomez-Perez v. Potter, __ U.S. __, 128 S. Ct. 1931, 1942-43 (2008))("any waiver of sovereign immunity is strictly construed and limited to the terms 'expressed in statutory text'").

officers to give fact testimony. <u>Exxon Shipping Co. v. United States</u>, 34 F.3d 774, 778 (9th Cir. 1994). However, where a federal court is exercising removal jurisdiction the court is barred by sovereign immunity from compelling a federal official to testify.[14] This impediment does not exist where a federal court has original jurisdiction over an action. <u>Exxon Shipping Co.</u>, <u>supra</u>. In addition, the Court has made it clear that the doctrine of sovereign immunity only bars enforcement of Sensient's subpoenas to the extent Sensient is seeking "official" information. Sensient may depose Kenny, Cancro and Salkie regarding their "individual" information.

<u>Conclusion</u>

In sum, the Court finds that the United Sates has standing to object to Sensient's subpoenas. The Court also rules that it is barred by sovereign immunity from enforcing Sensient's subpoenas to the extent Sensient seeks "official" information from the deponents. The subpoenas may be enforced to the extent Sensient seeks "individual" information.

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 10th day of September, 2009, that Sensient's motion is GRANTED in part and DENIED in part; and

---

[14] If a federal official is deposed the "government is ... free to raise any possible claims of privilege from testimonial compulsion that may rightly be available to it." <u>Id</u>. at 780

IT IS FURTHER ORDERED that Sensient's motion seeking an Order to compel Kenny, Cancro and Salkie to testify regarding their "official" knowledge is DENIED; and

IT IS FURTHER ORDERED that Sensient's motion seeking an Order to compel Kenny, Cancro and Salkie to testify regarding their "individual" information is GRANTED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge